IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANGELA DENISE NAILS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:06-cv-803-MEF |
| | ) | |
| CENTURYTEL PHONE COMPANY, | ) | (WO-Not Recommended for Publication) |
| | ) | |
| DEFENDANT. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff has filed a motion seeking to proceed *in forma pauperis* in this action (Doc. # 2). Upon consideration of the motion, it is

ORDERED that the motion to proceed *in forma pauperis* is GRANTED. Upon review of the complaint filed in this case, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

Angela Denise Nails ("Nails") filed this suit against Centurytel Phone Company ("Centurytel") on September 6, 2006. Nails, a citizen of Alabama, brings suit against the Centurytel, a corporate entity of unknown citizenship. According to the allegations of the Complaint, this is an action by which Nails is seeking to make a variety of claims for money damages against Centurytel for violating Rule T-18 of the Telephone Rules of the Alabama

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Public Service Commission.[2]

A federal court is a court of limited of jurisdiction. *Kokkonen v. Guardian Life Ins.,* 511 U.S. 375, 377 (1994). That is, a federal court is authorized to entertain only certain actions which the Constitution or Congress has authorized it to hear. *Id.* "It is to be presumed that a cause lies outside this limited jurisdiction, ..., and the burden of establishing the contrary rests upon the party asserting jurisdiction,...." *Id.* (citations omitted). Therefore, a plaintiff is required by Rule 8(a)(1) of the Federal Rules of Civil Procedure to allege in his complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends." Indeed, a federal court's jurisdiction must be established by a plaintiff in the complaint by stating the basis of the court's jurisdiction and by pleading facts that demonstrate the existence of jurisdiction. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994); *Kirkland Masonry, Inc. v. Comm'r,* 614 F.2d 532, 533 (5th Cir. 1980) (same).[3]

*Pro se* litigants are not excused from compliance with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party ..., or to re-write an otherwise deficient pleading in order to sustain an action...." *GJR Investments, Inc. v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998). Consequently, a court may not

---

[2] Plaintiff has recently filed at least one other lawsuit against Centurytel. The lawsuit was dismissed by this court for want of subject matter jurisdiction.

[3] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

excuse a *pro se* litigant from the requirement of stating the basis for the court's subject matter jurisdiction in her pleadings. "[O]nce a court determines that there has been no [Congressional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indemnity Co*., 228 F.3d 1255, 1261 (11th Cir. 2000). *Accord*, *Barnett v. Bailey,* 956 F.2d 1036, 1039-41 (11th Cir.1992) (holding that a court is required to examine its jurisdiction over an action at any time and dismiss an action *sua sponte* for lack of subject matter jurisdiction if jurisdiction is not found). Indeed, Federal Rule of Civil Procedure 12(h)(3) specifically provides that "[w]henever it appears by suggestion of the parties *or otherwise* that the court lack jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

After a careful review of the Complaint (Doc. # 1), the Court finds that Nails has failed to articulate any conceivable basis for federal subject matter jurisdiction. Moreover, given the nature of this action, the Court cannot imagine any possible, but as yet unarticulated basis for federal subject matter jurisdiction over this action. Neither the United States Constitution, nor any act of Congress authorizes this Court to entertain this cause of action. Accordingly, it is hereby ORDERED that this case is DISMISSED WITHOUT PREJUDICE for want of subject matter jurisdiction.

DONE this the 21st day of September, 2006.

                                                      /s/ Mark E. Fuller
                                           CHIEF UNITED STATES DISTRICT JUDGE